NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUN GROUP U.S.A. HARMONY CITY, INC.,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CRRC CORPORATION, LTD., doing business as China Railway Rolling Stock Corporation,<br><br>Defendant - Appellee. | No. 24-3680<br><br>D.C. No. 3:17-cv-02191-SK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Submitted February 9, 2026
San Francisco, California

Before: GOULD and MILLER, Circuit Judges, and BLUMENFELD, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Stanley Blumenfeld, Jr., United States District Judge for the Central District of California, sitting by designation.

Defendant-Appellee CRRC Corporation Ltd. ("CRRC") is a Chinese company that manufactures locomotives and rail cars. Plaintiff-Appellant Sun Group U.S.A. Harmony City, Inc. ("Sun Group"), a lobbying group, agreed in 2014 to assist CRRC's predecessor-in-interest with bidding on contracts for California's high-speed rail project. Over the following years, some of CRRC's subsidiaries entered into separate agreements to manufacture rail cars for various municipal transit authorities in the United States and Canada. Sun Group contends that those contracts violated CRRC's obligations under the 2014 agreement, which Sun Group maintains gave it the right of first refusal to be involved in all bids in North America, including by CRRC's subsidiaries. Sun Group also argues that CRRC breached its implied duty of good faith and fair dealing by directing its subsidiaries to enter into those contracts to avoid its obligations under the 2014 agreement.

I

At the pleading stage, the district court permitted Sun Group's breach-of-contract claim to survive "only to the extent Sun Group adequately pleads alter ego allegations to enable Sun Group to hold CRRC liable for the conduct of its subsidiaries," which it found Sun Group had done as to one subsidiary, CRRC MA. Nearly five years later, after numerous extensions to permit Sun Group to conduct international discovery under the Hague Convention, the district court

granted CRRC's motion for summary judgment, holding that most of Sun Group's evidence was inadmissible but that even if it were considered, Sun Group had not raised a genuine issue of material fact that CRRC MA was CRRC's alter ego. Sun Group appeals only the summary judgment order and judgment. We review a district court's order granting summary judgment de novo and its related evidentiary rulings for abuse of discretion. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003).

## II

Sun Group has not shown any error in the district court's analysis.

## A

In the absence of a challenge to the Rule 12(b)(6) order narrowing Sun Group's claims, the issue of alter ego is dispositive of the contract claim.

Contrary to Sun Group's argument, it was not inconsistent for the district court to find Sun Group's claim adequately alleged at the pleading stage and then dismiss it on summary judgment when Sun Group failed to produce evidence to substantiate its allegations. *See Lujan v. Defenders. of Wildlife*, 504 U.S. 555, 561 (1992) (recognizing that although "general factual allegations" may be enough at the pleading stage, plaintiff at summary judgment "can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts'") (quoting Fed. R. Civ. P. 56(e)).

The district court also correctly excluded Sun Group's expert's legal conclusion that CRRC MA was CRRC's alter ego. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to [his] *legal conclusion*, i.e., an opinion on an ultimate issue of law.").

Sun Group has not shown that any other evidentiary rulings constituted an abuse of discretion. Moreover, even if the excluded evidence[1] were considered, it would not create a genuine dispute of material fact as to either prong of the stringent alter-ego test. *See Sonora Diamond Corp. v. Superior Ct.*, 83 Cal. App. 4th 523, 538 (2000) (requiring both a unity of interest and ownership and an inequitable result). The district court correctly concluded that the evidence— which does not show commingling of funds or records, inadequate capitalization, disregard of corporate formalities, diversion of funds for CRRC's use, or that CRRC MA functioned as a "shell" for CRRC—established nothing more than a

---

[1]     The excluded evidence consisted of:  (1) CRRC's annual financial reports, corporate social responsibility reports, and other CRRC public filings; (2) CRRC's articles of association; (3) a letter CRRC MA sent in response to a request for clarification on its bid for the MBTA Contract; (4) a list of attendees of a management meeting for an MBTA-related project; (5) CRRC's responses to Sun Group's written discovery requests; (6) an unsigned agreement purportedly between CRRC, CRRC MA, and a non-party New York corporation, under which CRRC assigned its rights and obligations under a consulting agreement to CRRC MA while agreeing to guarantee CRRC MA's obligations under the agreement; and (7) meeting minutes from a quarterly senior management meeting of the Massachusetts Department of Transportation.

parent-subsidiary relationship. *See Santa Clarita Org. for Plan. & Env't v. Castaic Lake Water Agency*, 1 Cal. App. 5th 1084, 1105–06 (2016) (identifying factors to consider).

Nor has Sun Group shown that the district court abused its discretion by declining to deny summary judgment under Rule 56(d). Sun Group, which sought only denial of the motion rather than a continuance to supplement the record, was not entitled to relief under Rule 56(d). Discovery had already been extended for years, and Sun Group neither took advantage of the opportunities it was afforded nor requested any extension before the close of discovery that was denied.

B

As to Sun Group's claim for breach of the implied covenant of good faith and fair dealing, the district court correctly concluded that Sun Group failed to adduce any evidence of bad faith.

**AFFIRMED.**